UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES -- GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 12-01891-VBF-MAN | Dated: | July 8, 2013 |
| Title: | *Tue Tri Thanh Kha, Petitioner v. Gipson (Warden), Respondent* | | |

PRESENT:   HONORABLE VALERIE BAKER FAIRBANK, U.S. DISTRICT JUDGE

Linda Kanter                                                N/A
Courtroom Deputy                                   Court Reporter

ATTORNEYS PRESENT FOR PETITIONER:        ATTORNEYS PRESENT FOR RESPONDENT:

N/A                                                              N/A

PROCEEDINGS (IN CHAMBERS):   **ORDER OVERRULING PETITIONER'S OBJECTIONS[1], ADOPTING THE REPORT AND RECOMMENDATION IN ITS ENTIRETY, PROVIDING SUPPLEMENTAL ANALYSIS, and DISMISSING THE PETITION AS UNTIMELY**

The Court will adopt the well-reasoned Report and Recommendation ("R&R") in its entirety and dismiss the habeas petition as untimely. The Court will supplement the R&R, however, to note an additional reason why the petition is not rendered timely by *Miller v. Alabama*, – U.S. –, 132 S. Ct. 2455 (2012). Petitioner contends that *Miller*, which issued after his conviction became final, triggered the accrual of a new claim that is timely raised in this petition under AEDPA, 28 U.S.C. § 2244(d)(1)(C) ("the alternative-accrual-date provision"). *Cf. Stinson v. Wenerowicz*, – F. Supp.2d –, 2013 WL 3084441, *3 n.4 (E.D. Pa. June 18, 2013) ("If *Miller* is held

---

[1] After the original R&R issued in April 2013, petitioner filed objections. The Magistrate made revisions to address the objections, issuing a Final R&R in June 2013 which contained new footnotes 1 and 2. The Court finds these revisions sufficient to address petitioner's objections and will not discuss the objections further here.

MINUTES FORM 90                                                                                  Initials of Deputy Clerk ____Lk____
CIVIL - GEN

to apply retroactively to cases on collateral review, Stinson would have one year from the date of the *Miller* decision (June 25, 2012) to file a timely habeas petition in this Court.") (citing 28 U.S.C. § 2254(d)(1)(C)).[2] The Magistrate rightly rejects petitioner's reliance on *Miller*, finding it inapposite to the type of sentence petitioner received. The Court bolsters the Magistrate's conclusion by showing another reason why *Miller* does not render petitioner's claims timely: *Miller* does not meet the *Teague* standard for retroactivity.

The AEDPA period is deemed to begin running (i.e., a federal habeas claim accrues) later than it would otherwise if the claims are based on a U.S. Supreme Court holding that recognized a new constitutional right *and* that holding applies retroactively to cases pending on collateral review. *See* R&R at 4 (citing 28 U.S.C. § 2244(d)(1)(C) and *Lee*, 653 F.3d at 933). For two reasons, the Magistrate rightly rejects petitioner's argument that a new federal claim accrued when the Supreme Court issued *Miller v. Alabama*, 132 S. Ct. 2455 (2012).

For petitioner's sake this Court will assume *arguendo* – as two Circuits have held – that *Miller* announced a new rule of constitutional law. *See In re Morgan*, 713 F.3d 1365, 1367 (11th Cir. 2013), *reh'g en banc denied*, – F.3d –, 2013 WL 2476318 (11th Cir. June 10, 2013); *Craig v. Cain*, – F. App'x –, 2013 WL 69128, *1 (5th Cir. Jan. 4, 2013) ("When Craig's conviction became final, *Miller* was not dictated by precedent. Instead, *Miller* established for the first time a requirement of individualized sentencing outside the death penalty context.") (citation omitted). Even assuming *Miller* announced a new rule of constitutional law, however, petitioner's reliance on *Miller* is misplaced. Neither the Supreme Court nor our Circuit has expressly held that *Miller* is retroactively applicable to all cases which had become final and were on collateral review when *Miller* issued. *Accord Morgan*, 713 F.3d at 1365 ("[B]ut . . . *Miller* has not been made retroactive on collateral review."), *on remand*, – F. Supp.2d –, 2013 WL 3293472, *2 (N.D. Fla. June 27, 2013) (Stafford, Sr. D.J.) ("*Miller* established a new rule of constitutional law but that decision has not been made retroactive on collateral review.").

---

[2] The one-year limitation period to file a habeas claim based on a new rule of constitutional law begins to run when the Supreme Court initially recognizes or announces the right asserted, not the later date when the Supreme Court makes that holding retroactive. *See Dodd v. United States*, 545 U.S. 333, 125 S. Ct. 2478 (2005).

**Next, a footnote in the R&R merits discussion because it reflects the premise that any federal court, not just the Supreme Court, can decide whether a new rule announced by the Supreme Court should apply retroactively to cases on collateral review.** While this proposition does not appear to be squarely established by appellate authority in our circuit yet, the Magistrate's premise is sound. She states as follows:

> *[C]ourts have disagreed* whether *Miller* applies retroactively to cases on collateral review, which is another prerequisite to the alternative accrual date under Section 2244(d)(1)(3) [sic]. * * * Given that Petitioner does not present a valid *Miller* claim, *the Court need not determine* whether that decision applies retroactively to completed cases.

R&R at 7 n.3 (emphasis added). This Court has not located any Supreme Court or Ninth Circuit precedent holding that lower courts may make the retroactivity determination for purposes of § 2244(d)(1)(c). However, for reasons stated below, the Court concludes that this provision allows lower courts to determine retroactivity.

**Elsewhere in AEDPA, a petitioner is entitled to rely on a rule of law which the Supreme Court announced after his conviction became final, only when *the Supreme Court itself* has expressly made that rule retroactive.** In *Tyler v. Cain*, the Court considered whether a new rule announced in *Cage* (U.S. 1990) was "made retroactive to cases on collateral review by the Supreme Court" as required by 28 U.S.C. § 2244(b)(2)(A), a provision dealing with leave to file a second or successive petition. A four-Justice plurality held as follows:

> AEDPA greatly restricts the power of federal courts to award relief to state prisoners who file second or successive habeas corpus applications. * * * [I]f the prisoner asserts a claim that was *not* presented in a previous petition, the claim must be dismissed unless it falls within one of two narrow exceptions. One of these exceptions is for claims predicated on newly discovered facts that call into question the accuracy of a guilty verdict. § 2244(b)(2)(B). The other is for certain claims relying on new rules of constitutional law. § 2244(b)(2)(A).
>
> It is the latter exception that concerns us today. Specifically, § 2244(b)(2)(A) covers claims that "rel[y] on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." This provision establishes three prerequisites to obtaining relief in a second or successive petition: First, the rule on which the claim relies must be a "new rule" of constitutional law; second, the rule must have been "made retroactive to cases on collateral review by the Supreme Court"; and third, the claim must have been "previously unavailable." In this case, the parties ask us to interpret only the second requirement

> . . . . Based on the plain meaning of the text read as a whole, we conclude that "made" means "held" and, thus, the requirement is satisfied only if this Court has held that the new rule is retroactively applicable to cases on collateral review.

*Tyler v. Cain*, 533 U.S. 656, 662, 121 S. Ct. 2478, 2481-82 (2001) (Scalia, J., joined by three JJ.).[3]

**Our provision, of course, is not § 2244(b)(2)(A), because the instant petition is not second or successive.** *Accord Williams v. Kyler*, 2002 WL 31662297, *3 (E.D. Pa. Nov. 19, 2002) ("The holding in *Tyler* is not directly applicable to Williams, however, because this is his first petition. [I]t is not clear whether the holding in *Tyler* is applicable to the statute of limitations provision in AEDPA."). Unlike the provision in *Tyler*, § 2244(d)(1)(c) refers to a "right . . . newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." A well-established canon of construction holds that when Congress included a phrase in one section of a statute but omitted it from another section of that same statute, it knew what it was doing and meant that distinction to make a difference. *See Jama v. ICE*, 543 U.S. 335, 341, 125 S. Ct. 694, 700 (2005) ("We do not lightly assume that Congress has omitted from its adopted text requirements that it nonetheless intends to apply, and our reluctance is even greater when Congress has shown elsewhere in the same statute that it knows how to make such a requirement manifest."); *see, e.g., Grapevine Imports, Ltd. v. United States*, 71 Fed. Cl. 324, 333 (Fed. Cl. 2006) ("Had Congress intended to establish an absolute bar in section 6229(a), it surely knew how to do so using language commonly employed in other Code provisions.").

In other words, when Congress wanted to restrict the retroactivity determination to the Supreme Court, it knew how to do so and did so explicitly, as in the successive-petition provision. *Accord Gaines v. Matesanz*, 272 F. Supp.2d 121, 130 (D. Mass. 2003) ("With respect to second or successive petitions, Congress explicitly

---

[3] Justice O'Connor joined the Court's opinion, writing separately only to "explain more fully the circumstances under which a new rule is 'made retroactive to cases on collateral review by the Supreme Court.'" *Id.*, 533 U.S. at 668, 121 S. Ct. at 2485 (O'Connor, J., concurring). Thus, a majority agreed that § 2244(b)(2)(A) permits only the Supreme Court to determine retroactivity on an application for leave to file a successive petition.

reserved for the Supreme Court the power to make a rule retroactively applicable . . . . No such explicit reservation is found in the provision governing initial petitions. The Court assumes that the decision of Congress to use different language . . . was deliberate, and that, had Congress intended to allow only the Supreme Court to announce [that] new rules of constitutional law [are] retroactively applicable on initial petitions, it would have used the same clear language it used with respect to second or successive petitions.") (citation omitted).

Numerous circuit courts have interpreted the limitations provision of § 2255, governing *federal*-prisoner habeas petitions, by applying this same canon of construction. That provision, like our alternative-accrual-date provision for *state*-prisoner petitions, does not contain the qualifier "by the Supreme Court" after the phrase "made retroactively applicable." Those courts have held that any federal court may determine the retroactivity of a Supreme Court decision for purposes of the § 2255 limitations period. *See United States v. Swinton*, 333 F.3d 481, 487 (**3d Cir.** 2003); *United States v. Lopez*, 248 F.3d 427, 432 (**5th Cir.** 2001) ("Had Congress desired to limit § 2255(3)'s retroactivity requirement, it would have similarly placed a 'by the Supreme Court' limitation immediately after the phrase "made retroactively applicable . . .' in § 2255(3)."); *Ashley v. United States*, 266 F.3d 671, 674 (**7th Cir.** 2001) ("A district judge may determine whether a novel decision of the Supreme Court applies retroactively, and thus whether a collateral attack is timely under § 2244(b)(1)(C) or § 2255 ¶ 6(3)."); *Dodd v. United States*, 365 F.3d 1373, 1378 (**11th Cir.** 2004). Joining that consensus, the Court finds that by failing to include "by the Supreme Court" in § 2244(d)(1)(c), Congress intended to authorize all federal courts to determine whether a new constitutional rule announced by the Supreme Court applies retroactively.[4] In the

---

4

There is an argument that the Court *has* effectively made *Miller* retroactive, if only by implication. As a sister court recently noted," [T]he Supreme Court applied *Miller* to the companion case before it – on collateral review – and vacated the sentence of Kuntrell Jackson. '[O]nce a new rule is applied to the defendant in the case announcing the rule, evenhanded justice requires that it be applied retroactively to all who are similarly situated.'" *Hill v. Snyder*, 2013 WL 364198, *2 n.2 (E.D. Mich. Jan. 30, 2013) (quoting *Teague*, 489 U.S. at

absence of binding precedent from the Supreme Court or Ninth Circuit on the retroactivity of *Miller*, the retroactivity determination necessarily falls to this court.

**Nonetheless, *Miller* does not meet the standard for retroactivity under *Teague v. Lane*, 489 U.S. 288, 109 S. Ct. 1060 (1989).** Only two federal appellate panels have considered this question, and both concluded that *Miller* should not be applied retroactively. The Eleventh Circuit reasoned as follows:

> Morgan argues that *Miller* is necessarily retroactive because any rule that expands the range of possible sentencing outcomes for a category of defendants by requiring that the sentencer have the option of imposing a lesser sentence is substantive, but we disagree. The Supreme Court has held that a new "rule[] prohibiting a certain category of punishment for a class of defendants because of their status or offense", *Penry*, 492 U.S. at 330 . . . is retroactive, but that rule applies only where a class cannot be subjected to a punishment "regardless of the procedures followed," *id.* "In contrast, rules that regulate only the *manner of determining* the defendant's culpability are procedural." *Schriro v. Summerlin*, 542 U.S. 348, 353 . . . (2004).
>
> In *Penry*, the Court held that a rule that required that a sentencer be able "to give effect to mitigating evidence in determining whether a defendant should be sentenced to death," *Penry*, 492 U.S. at 315 . . . is retroactive, but the Court reached this conclusion because the rule was a procedural rule that was dictated by precedent . . . . A new rule is substantive when that rule places an entire class beyond the power of the government to impose a certain punishment regardless of the procedure followed, not when the rule expands the range of possible sentences.

---

300); *see also Dodd*, 545 U.S. at 361 (Breyer, J., dissenting on other grounds, joined by three JJ.) ("In *Tyler* . . . , it appeared that a majority of the Court recognized that the Court could make a new rule retroactive 'through multiple holdings that logically dictate the retroactivity of the new rule.'") (quoting *Tyler*, 533 U.S. at 668, 121 S. Ct. 2478 (O'Connor, J., concurring)); *see also In re Holladay,* 331 F.3d 1169, 1170 (11th Cir. 2003) (discussing J. O'Connor's *Tyler* concurrence); *Cannon v. Mullin*, 297 F.3d 989, 994 n.3 (9th Cir. 2002) (same); *San Miguel v. Dove*, 291 F.3d 257, 261 (4th Cir. 2002) (same). Notwithstanding Justice O'Connor's view, however, the Court's application of *Miller* to the companion case may not suffice as an *express* statement of a *universal* rule that *Miller* applies to all cases pending on collateral review.

*Morgan*, 713 F.3d at 1368. The Fifth Circuit has likewise held that *Miller v. Alabama* does not meet the *Teague* standard for retroactivity. *See Craig*, – F. App'x at –, 2013 WL 69128 at *1-*2. **This Court adopts the cogent reasoning of those Circuits and holds that *Miller* does not apply retroactively. That alone is a sufficient basis for concluding that petitioner cannot avail himself of *Miller* to render his claim timely.**

**The second reason why the Magistrate is right to reject the alternative-accrual-date argument is this:** even assuming *Miller* announced a new rule and applies retroactively, that rule is inapposite to petitioner's circumstances. *Miller* held that a court violates the prohibition on cruel and unusual punishment when the sentencing scheme requires the trial court to sentence a juvenile to life in prison without the possibility of parole. *See Vera v. Ryan*, 508 F. App'x 603, 604 n.1 (9th Cir. 2013). By contrast, as the Magistrate Judge notes, petitioner was sentenced to an indeterminate term of 19 years to life in state prison *with* the possibility of parole, a so-called "life cap" sentence. *See* R&R at 5 (citing *Silva* and *Venegas*[5], which held that *Miller* did not apply to petitioners sentenced to 15 and 40 years to life with possibility of parole); *see also United States v. Nguyen*, 2013 WL 2151558, *7 (E.D. Cal. May 16, 2013); *Lewis v. Miller*, 2012 WL 4469236, *21 (E.D. Cal. Sept. 27, 2012) ("[P]etitioner was sentenced to life *with* the possibility of parole. That sentence is inarguably harsh, but it allows for the meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation. That fact distinguishes the instant case from the cases cited above [including *Miller*]."); *cf. Bunch v. Smith*, 685 F.3d 546, 553 (6th Cir. 2012) (affirming denial of section 2254 habeas petition, panel stated, "In *Miller*, the Court extended the reasoning in *Graham* to mandatory sentences of life without parole for juveniles convicted

---

[5] Some citation information was missing from the Final R&R's page 6. First, the R&R in *Venegas*, 2012 WL 3283394, was adopted by 2012 WL 3279269 (C.D. Cal. Aug. 10, 2012). Second, the petitioner appealed from *Silva*, 891 F. Supp.2d 1116, and our Circuit dismissed the appeal, No. 12-56765, on October 22, 2012.

of homicide offenses. But . . . the Court did not address juvenile offenders . . . who received consecutive fixed-term sentences for committing multiple nonhomicide offenses. Thus, even if we assume that *Miller* also applies . . . on collateral review, Bunch is still not entitled to habeas relief."), *cert. denied sub nom. Bunch v. Bobby*, – U.S. –, 133 S. Ct. 1996 (2013).

## ORDER

Petitioner's objections are **OVERRULED**.

The Report and Recommendation **[Document #30] is ADOPTED** in its entirety.

The Report and Recommendation is supplemented as described above.

The petition for a writ of habeas corpus is **DISMISSED as untimely.**

As required by FED. R. CIV. P. 58(a)(1), the judgment is being issued as a separate document.[6]

This is a final order, but it will not be appealable unless petitioner obtains a certificate of appealability from the U.S. Court of Appeals for the Ninth Circuit.[7]

IT IS SO ORDERED.

---

[6]

*See Jayne v. Sherman*, 706 F.3d 994, 1009 (9th Cir. 2013) (adopting opinion stating, "The Court will issue a separate Judgment as required by Rule 58(a)."); *Stratton v. Buck*, 697 F.3d 1004, 1007 (9th Cir. 2012) ("The district court apparently did not enter a separate Judgment, as required by FED. R. CIV. P. 58(a)(1)."); *Bravo v. City of Santa Maria*, 665 F.3d 1076, 1079 n.5 (9th Cir. 2011) ("[T]he district court failed to issue . . . a separate judgment on the order granting . . . summary judgment, as was required, *see* FED. R. CIV. P. 58(a)(1) . . . .").

[7]

*See Korn v. US*, 2013 WL 1163941, *18 (C.D. Cal. Mar. 20, 2013) (Fairbank, J.) (citing *Muth v. Fondren*, 676 F.3d 815, 822 (9th Cir.) (citing 28 U.S.C. § 2253(c)(1)(B)), *cert. denied*, – U.S. –, 133 S. Ct. 292 (2012); *see also* FED. R. APP. P. 22(b)(1) (if district judge denies COA, applicant may request COA from a circuit judge).